UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRET HEALY,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CHARLENE MILLER, ET AL.,<br><br>　　　　　　　Defendants. | 4:24-CV-04053-RAL<br><br><br>ORDER ON POST-APPEAL MOTIONS |

　　　　On August 14, 2024, this Court entered an Opinion and Order granting Defendants' Motions to Dismiss, Doc. 43, and then entered Judgment of Dismissal on August 15, 2024, Doc. 44. On September 13, 2024, Plaintiff Bret Healy, proceeding pro se, filed a Notice of Appeal, Doc. 51, as well as two separate motions: 1) Motion for Reconsideration, Doc. 47; and 2) Motion to Strike all Filings and Pleadings by Attorney Anderson and His Firm [MAGT] and to Disqualify Attorney Anderson and MAGT, Doc. 48. The defendants opposed those motions. Docs. 56, 57.

　　　　The filing of a notice of appeal typically moves jurisdiction from the district court to the appellate court. State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 106 (8th Cir. 1999). Sometimes the appellate court looks to the district court to rule on motions postdating the notice of appeal, but district courts generally are not free to alter a ruling on appeal to an appellate court. See FutureFuel Chem. Co. v. Lonza, Inc, 756 F.3d 641, 648 (8th Cir. 2014) (noting that "a district court retains jurisdiction over collateral matters" like attorney's fees, sanctions, the right to access judicial records, and whether to unseal the record while an appeal is pending).

1

Healy's Motion for Reconsideration focuses on one sentence out of this Court's 19-page Opinion and Order Granting Motions to Dismiss and contests the accuracy of that sentence as mistaking that attorney Tucker Volesky moved to dismiss a state lawsuit referenced on behalf of Healy when Volesky made the motion on behalf of Healy Ranch Partnership instead. Doc. 47. This Court dismissed Healy's case under the Rooker-Feldman doctrine, judicial and Eleventh Amendment immunity, and failure to state a claim against one defendant. Doc. 43 at 5-13. This Court also concluded that, even if it had jurisdiction, Younger abstention applied. Healy's Motion for Reconsideration is not a collateral matter because it is not "independent of the disposition of the merits of the case." FutureFuel Chem. Co., 756 F.3d at 648 (quoting Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178, 180 n.* (4th Cir. 1988). This Court, therefore, does not retain jurisdiction over the claim. Further, the correction Healy seeks would not alter this Court's analysis, and Healy has not made the requisite showing under Rule 60(b) for relief from a final judgment.

Healy's second motion seeks to disqualify attorney Robert B. Anderson and his firm May, Adam, Gerdes & Thompson LLP from representing defendants Clerk of Court Charlene Miller, Judge Patrick T. Smith, and the First Judicial Circuit of South Dakota. Doc. 48. Healy notes that this Court did not address his prior "Objection to Notice of Appearance of May, Adam, Gerdes & Thompson LLP," Doc. 29, in which Healy argued that the law firm represented Healy Ranch Partnership in 1982 and 1983, maintains a file for "Healy corporate matters," represented a party not named in this lawsuit who was a defendant in one of the various state lawsuits Healy instigated, and has represented the South Dakota Public Assurance Alliance where Brule County (a co-defendant in this case) is a member. Doc. 29 at 1-3; see Doc. 48. Under Rule 7(b)(1) of the Federal Rules of Civil Procedure, "[a] request for a court order must be made by motion." The District of

South Dakota's Civil Local Rules contains a requirement that any contested motion raising a question of law (except those made during a hearing or trial) be filed with an accompanying brief. D.S.D. CIV LR 7.1.B. Healy initially filed an "Objection," not a motion. Healy's subsequent motion comes after this Court entered judgment of dismissal based on a 19-page opinion and order. Nothing in Healy's pending motion, Doc. 48, prompts this Court to reconsider its decision or affects the reasoning behind that decision. To the extent that this Court retains jurisdiction to rule on Healy's motions filed in the district court simultaneously with his notice of appeal, it is

ORDERED that Healy's Motion for Reconsideration, Doc. 47, and Motion to Strike All Filings and Pleadings by Attorney Anderson and his Firm, Doc. 48, are denied.

DATED this 7th day of November, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE